CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 24 1999

CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-99-0470 BB/DJS
CR-96-513 BB

HILDA IRENE SALAZAR-TARANGO,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Defendant's motion for modification of sentence or to recommend deportation under 18 U.S.C. § 3582. Defendant pled guilty to one count of an indictment under 18 U.S.C. § 2 and 21 U.S.C. §§ 846 & 841 (b)(1)(B) (conspiracy to distribute heroine). Defendant alleges that she is a deportable alien and that she consents to immediate deportation. Because of her alien status, the Federal Bureau of Prisons considers her ineligible for a pre-release custody program authorized under 18 U.S.C. § 3624. Defendant argues that because she is ineligible for the six-month program, she is entitled to a downward departure under 18 U.S.C. § 3553(b). Her sentence calculation did not include the departure, and she asks that her 70-month term of imprisonment be reduced by the equivalent six-month period. The motion will be denied.

Defendant's alienage and consent to deportation are insufficient as a basis for the relief sought. "Unless specifically prohibited by the Sentencing Guidelines, any factor may be considered as a potential basis for departure." *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998) (citing *Koon v. United States*, 518 U.S. 81, 109, 116 S.Ct. 2035, 2051 (1996)). Although consent

to deportation as a basis for departure "is not expressly forbidden, discouraged, or encouraged by the Sentencing Guidelines..., it is insufficient, as a matter of law, to warrant a downward departure." *United States v. Clase-Espinal*, 115 F.3d 1054, 1057 (1st Cir.) (citing *Koon*, 518 U.S. at ---, 116 S.Ct. at 2045), *cert. denied*, --- U.S. ---, 118 S.Ct. 384 (1997). Defendant cites to a case which, she asserts, allowed the requested departure under the sentencing guidelines. *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) ("downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence"). Ineligibility for this program, however, does not increase the severity of Defendant's sentence; it merely precludes reduction of the prison term imposed by the Court.

IT IS THEREFORE ORDERED that Defendant's motion for modification of sentence or to recommend deportation under 18 U.S.C. § 3582 is hereby DENIED, and this civil proceeding is DISMISSED.

*[signature]*
UNITED STATES DISTRICT JUDGE